<u>22</u>

J.J. SANDLIN, WSBA #7392
Appearing Pro Hac Vice
Sandlin Law Firm
P.O. Box 4110
Yakima, WA 98904
(509) 829-3111/cell (509) 594-8702
Fax (888) 875-7712
Sandlinlaw@msn.com

Mitchell L. Abdallah, Esq., SBN 231804
ABDALLAH LAW GROUP, P.C.
555 Capitol Mall, Ste. 766
Sacramento, CA 95814
Tel: (916) 446-1974
Fax: (916) 446-3371
Email: mitch@abdallahlaw.net

Attorneys for Plaintiff Melanie I. Cornell

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT CALIFORNIA -- SACRAMENTO DIVISION

| | |
|---|---|
| MELANIE ISABELLE CORNELL,<br><br>DEBTOR | ) NO. 12-23115<br>)<br>) **DC No.: KMR-1**<br>) |
| U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.,<br><br>v.<br><br>Melanie Isabelle Cornell, Debtor; Chapter 11 Trustee, | ) **Chapter 11**<br>)<br>) DECLARATION OF DEBTOR, MELANIE I.<br>) CORNELL, IN SUPPORT OF OPPOSITION<br>) TO  U.S. BANK N.A.'s SECOND MOTION<br>) FOR RELIEF FROM AUTOMATIC STAY<br>)<br>) Hearing Date: 04/02/13 @ 9:31 AM<br>) U.S. Bankruptcy Court<br>) Sacramento Division<br>) 501 I St., 6th Floor<br>) Courtroom 32<br>) Sacramento, CA<br>)<br>) ***Hon. Thomas C. Holman, Judge*** |

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Melanie I. Cornell, ("Debtor") declare under penalty of perjury of the laws of the United States of America that the following statements are true and correct, and if called as a witness, I could competently testify to the matters hereinafter set forth which are within my personal knowledge:

**TABLE OF CONTENTS**

**I BACKGROUND AND FACTS OF THE CASE**      **3**
**MOVANT'S PROOF OF CLAIM WAS PREVIOUSLY DISALLOWED**      **3**
**FORGED DEED OF TRUST**      3
**NEW CENTURY SOLD LOAN IN 2005 TO OTHER PARTY– NOT TO USB,**      **5**
**FRAUDULENT CORPORATE ASSIGNMENT RECORDED IN 2011**      **5**
**FORGED DEED OF TRUST DESCRIBES PROPERTY 30 MILES AWAY**      **7**
**FORGERY AND DEFECTIVE DESCRIPTION CONSISTENTLY UNREFUTED BY U.S. BANK NA OR SPS**      **8**
**NO INJURY TO ANY SECURED CREDITOR**      **9**
**HOMESTEAD DECLARATION RECORDED PRIOR TO FORGED DEED OF TRUST**      **10**
**PROPERTY IS INTEGRAL TO DEBTOR'S REORGANIZATION**      **11**
**MOVANT PREFERS "OTHER METHODS" AFTER PROOF OF CLAIM DISALLOWED**      **12**
**DECLARATION OF SPS EMPLOYEE, JO-ANN GOLDMAN**      **12**
**ALTERED POWER OF ATTORNEY DOCUMENT**      **14**
**DECLARANT NOT TRAINED TO DETECT FRAUDULENT INSTRUMENTS**      **15**
**COPIES OF COPIES**      **17**
**TWO VERSIONS OF THE SAME NOTE**      **20**
**LOAN/NOTE DISCHARGED AND PAID**      **21**
**II CONCLUSION**      **22**

**I BACKGROUND AND FACTS OF THE CASE**

1.      I filed this Chapter 11 proceeding on February 17, 2012. I am the head of my household, living with several of my children and my aged mother at 23629 Fagerlie Road, Auburn, CA 95602 ("property").  I am the Chapter 11 trustee over the estate, including the property.

1.      I have never had a debtor – creditor relationship with USB, any holders of a trust or trust, SPS, or any of their predecessors or its assigns as stated in the motion for relief from automatic stay by the Movant. I deny that the party seeking relief from stay is a creditor of the bankruptcy estate or an authorized representative of any creditor. The moving party fails to provide the identity of any creditor who could submit a credit bid in lieu of cash at auction and fails to provide either  this court or me with any evidence from the Master Servicer, which has access to the loan receivable account that contains all of the receipts and disbursements relative to this loan and the pool it has alleged to be the owner of the loan.

**MOVANT'S PROOF OF CLAIM WAS PREVIOUSLY DISALLOWED**

2.      The Movant presently seeks to lift the stay in order to liquidate a major portion of the bankruptcy estate, *after* the Court's disallowance of its Proof of Claim No. 3, which was premised entirely upon forged instruments, which I deny as authentic or signed by me, and which I have never authorized any other person to sign in my stead, as detailed below.

**FORGED DEED OF TRUST**

3.      *See,* Exhibit "1" Handwriting Expert, Brenda Anderson's affidavit and report, which is a true and accurate copy.  Ms. Anderson reported that, "The signature of Melanie Cornell on the

Deed of Trust recorded 8/23/05 is not genuine." Brenda Anderson's outstanding qualification and credentials[1] are included in her curriculum vitae as part of Exhibit "1". (emphasis added)

4.      The movant's Proof of Claim was disallowed by this Court's order on November 19, 2012. This is the second motion for relief from automatic stay attempted by the movant. When the movant's prior motion to lift the stay was heard, and then dismissed by this Court on September 25, 2012,[2] its proof of claim had not yet been disallowed by this court. Thereafter, the movant's proof of claim was disallowed. [3] *See,* DOC 182 Order on Objection to Claim Disallowed.

5.      Jo-Ann L. Goldman's Declaration in support of the motion for relief from the automatic stay discusses a schedule of payments for a loan in which I am not a debtor. Jo-Ann L. Goldman has failed to produce or show any personal knowledge of any accounts receivable, any loan level file, first-hand knowledge of origination of any loan concerning me or the debtor estate. She fails to state that she has direct access to records or files kept by U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass Through Certificates, Series NC 2005-HE8, hereafter called ("USB"),

---

[1] Brenda Anderson - Education and Training: Bachelor of Arts Degree, University of Montana, Forensic Document Examiner Training: Completed a two-year course which followed ASTM Standards, and included actual case studies, textbook study, required research, training, testing and mentorship, Questioned Documents Training with the American Institute of Applied Science, Certified Forensic Consultant Training with Dr. Mark Rabbinoff, Forensic Scientist, Statement Analysis taught by Mark McClish, 2013 Proficiency Testing with Collaborative Testing Services

[2] Motion for Relief for Automatic Stay dismissed by this Court on October 1, 2012, DOC 136 and DOC 134.

[3] DOC. 176 The objection is sustained and DOC 182 Order on Objection to Claim Disallowed

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

4

Master Servicer, or New Century Mortgage Corporation's records, hereafter ("New Century") which has been defunct since 2007.

**NEW CENTURY SOLD LOAN IN 2005 TO OTHER PARTY– NOT TO USB,**

6.     On January 30, 2012, Monika Lemhoefer McCarthy, Esq. of the New Century Liquidating Trust, sent a letter to the California Superior Court in and of Nevada County Court, and to me, as New Century was defunct after 2007 and all assets, mortgage and otherwise, were liquidated in its bankruptcy. The letter stated on page 3:

> "Defendant's records indicate that your loan was sold to CS First Boston in September 2005, and subsequently service released to Select Portfolio Servicing, Inc. on November 29, 2005. In fact, Defendant no longer owns or services any of the loans it originated."

See, Exhibit ("2") which is a true and correct copy of the New Century Letter from an officer of the Court.

**FRAUDULENT CORPORATE ASSIGNMENT RECORDED IN 2011**

7.     The above facts make it *impossible* that New Century could have assigned the loan years later on June 14, 2011, as seen in the movant's proffered and fraudulent Corporate Assignment of Deed of Trust, dated 6/14/2011, DOC  197, Exhibit "3,"

8.     This Corporate assignment shows SPS's employee, Bill Koch as signer, whose signature appears to be a stamped signature. [4]

---

[4] **Bill Koch's name can be found on the March 2012 official list of known unauthorized signers on real property instruments, published by County Register, John O'Brien for Essex County, MA.**  Recording clerks in that county are instructed to refuse recordings signed by anyone on this list in order to prevent further corruption of the county records with fraudulent instruments affecting title to real property. The list is published at: http://www.salemdeeds.com/pdf/RoboSigners.pdf, See Doc 57, Exhibits: Debtor's Declaration in Support of Amended Motion to Disallow Proof of Claim No 3.

9.      Attorney Lynn Szymoniak found the corporate assignment of the forged deed of trust has been fabricated and is fraudulent as shown by Exhibit "4", which is a true and accurate copy of her verified testimony as to her findings concerning the authenticity and veracity of the corporate assignment of the forged deed of trust. Attorney Szymoniak specialized in detecting fraudulent documents for more than 20 years, over most of her decades-long career, and has trained FBI agents to detect fraudulent documents[5]. Attorney Lynn Szymoniak uncovered the "robo-signing" fraud perpetrated by some of the nation's largest mortgage banks and was recently awarded $18 million as a whistle-blower, revealing fraudulent foreclosure practices by major banks and loan

---

[5] From Exhibit "4", Affidavit of Lynn Szymoniak: "In criminal cases, I have served as an expert witness for the United States of America and the State of California. I have testified at trial in two federal court cases in Jacksonville, Florida, where the allegations involved false and fabricated documents including fabricated insurance policies and certificates of insurance. The two Jacksonville cases were United States v. Thomas King, Case No. 3:05-cr-52-J-99MMH, Middle District of Florida, Jacksonville Division and United States v. Donald Touchet, et al., Case No. 3:2007cr00090, Middle District of Florida, Jacksonville Division.
My designation as an expert and the use of my testimony were affirmed in an 11th Circuit opinion, United States v. Robert D. Jennings, Case No. 08-13434 (11th Cir. Jan. 5, 2010). I also submitted an expert opinion for the government in a New York Northern District federal case that ended in a guilty plea: United States v. James Kernan, Case No. 5:2008cr00061.
I have also been designated an expert on insurance regulatory matters in Florida and testified at trial in April, 2010, in a federal criminal trial involving financial guaranty insurance, United States v. Michael Zapetis, et al., Case No. 8:2006cr00026, Middle District of Florida, Tampa Division. This case also resulted in a guilty verdict. I have also worked as a consultant/expert for the South Carolina Department of Consumer Affairs and the South Carolina Department of Insurance.
I also submitted an expert opinion in a California state case involving fraudulent insurance practices and documents that resulted in a guilty plea in March, 2010, the People of the State of California v. Mitchell Zogob, Orange County, California. I have testified as an expert in a foreclosure case in Harris County, Texas. I have also served as an expert and consultant for the South Carolina Department of Insurance and for the South Carolina Department of Consumer Affairs.

---

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

6

1  servicers, which included U.S. Bank NA. Her conclusion: "it is my opinion that the Corporate

2  Assignment of Deed of Trust in this case, attached as Exhibit A, is fraudulent."[6]

3  10.    In year 2011, New Century could not assign what it had not owned since September of

4  2005 and unequivocally could not have owned after divesting itself of all mortgage assets, long

5  before year 2011 and years after it was defunct. The records of New Century's Bankruptcy and

6  liquidation, divesting it of all mortgage assets, are publicly recorded on PACER and at the

7  Securities Exchange Commission. *See*, Exhibit "5" U.S. Bankruptcy Court for the District of

8  Delaware Order Confirming Second Amended Plan of Liquidation pages 1-10, which is a true

9  and correct copy. *See,* Exhibit "6" Securities Exchange Commission Report Chapter 11 Plan of

10  Liquidation of New Century Financial Corporation Form 8-K, which is a true and correct copy.

11  **FORGED DEED OF TRUST DESCRIBES PROPERTY 30 MILES AWAY**

12  11.    The movant's current motion for relief from automatic stay is brought in order to enforce,

13  by foreclosure, a forged deed of trust which I deny signing and which I never authorized any

---

[6] According to Attorney Szymoniak concerning the Assignment of the forged deed of trust:
"In the present case, the Depositor, Asset Backed Securities Corporation, should have delivered a signed and dated Assignment to the Trustee an original Assignment of the mortgage in blank and "the original recorded Assignment or Assignments of the Mortgage showing a complete chain of Assignment from the originator to the Person assigning the Mortgage to the Trustee or in blank." (Pooling and Servicing Agreement, Article II, Conveyance of Mortgage Loans, Section 2.01 (a) (iii) and (iv), Asset Backed Securities Corporation Home Equity Loan Trust, Series 2005-HE8.) According to the essential trust document cited above, assuming no other intervening owners, at a minimum, by the trust closing date, October 28, 2005, the Trustee or Custodian should have received an assignment from New Century Mortgage Corporation, the originator, to Asset Backed Securities Corporation, the depositor, to the trust.
In addition to the dating issue, the Assignment in this case is deficient because it purports to be an Assignment from the Originator to the Trust when there was an intervening owner, the Depositor, Asset Backed Securities Corporation." *SEE,* EXHIBIT "12" for Pooling and Servicing Agreement Sections referred to by Att. Szymoniak.

other person to sign and whose legal property description describes property other than that of this bankruptcy estate. The according to government range maps, the land described in the forged deed of trust is located in another county, more than 30 miles away. My denial of the signature on the Deed of Trust is corroborated by the verified and notarized affidavit, attached as Exhibit "1," which is a true and correct copy by Forensic Document Examiner Brenda Anderson,[7] whose credentials are superlative [8] and who has many years of experience in revealing forgeries as seen in her affidavit's attached curriculum vitae.[9] Her opinion: "The signature on the Deed of Trust recorded 8/23/05 is not genuine." Brenda Anderson examined the signature found on the Deed of Trust, and compared it with contemporaneous signature exemplars found in *public* documents, such as my driving license, passport and other public records. It is an illegal, forged signature.

**FORGERY AND DEFECTIVE DESCRIPTION CONSISTENTLY <u>UNREFUTED</u> BY U.S. BANK NA OR SPS**

---

[7] *See,* Exhibit "1" Verified Affidavit of Brenda Anderson, Forensic Document Examiner and Handwriting Expert, attached is a true and correct copy.

[8] B. Anderson - Education and Training: Bachelor of Arts Degree, University of Montana, Forensic Document Examiner Training: Completed a two-year course which followed ASTM Standards, and included actual case studies, textbook study, required research, training, testing and mentorship, Questioned Documents Training with the American Institute of Applied Science, Certified Forensic Consultant Training with Dr. Mark Rabbinoff, Forensic Scientist, Statement Analysis taught by Mark McClish, 2013 Proficiency Testing with Collaborative Testing Services

[9] "She was one of the best ones (expert witnesses) I have ever seen. She was really good." From court transcript in the Superior Court of the State of California For the County of Los Angeles, Honorable William D. Stewart, Judge Los Angeles, CA.

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

8

12.     To date, the movant has repeatedly *failed* to refute these facts in any of its previous pleadings in response to my declarations and evidence of forgery and defects.[10] The Deed of trust forgery and its defective property description are unrefuted facts. The property description issues are detailed above in paragraph 11 and below in paragraph 18. Shortly after the fraudulent instruments were revealed, I diligently began litigation against them and have never in any way ratified them.

**NO INJURY TO ANY SECURED CREDITOR**

13.     SPS's Ms. Goldman's declaration asserts that the *loan servicer, SPS,* would be injured if the stay is not lifted. SPS is *not* a secured creditor, nor does it claim to be one anywhere in its pleadings. DOC 195, page 3, line 21 and 22, states, "SPS's compensation for its servicing of the loan is reduced." SPS is not a co-plaintiff or creditor of any kind, and holds no claim against the bankruptcy estate.

14.     The movant also failed to produce any documentation, records, contract or agreement showing what compensation, who pays it, the amounts, or anything else to support or corroborate her statement of injury to SPS. She failed to even produce a loan servicing agreement between SPS and USB.

15.     SPS's declaration *fails* to mention any injury or possibility of injury to any secured creditor against the bankruptcy estate.

---

[10] **Movant failed to deny these facts before this Court in any hearing or in any of its previous pleadings or declarations of record** in this Court as seen in Document Numbers: 93, Response to Debtor's Objection to Proof of Claim 3; DOC 142, US Bank Response to Motion to Disallow Proof of Claim 3 and all other previous pleadings and declarations by the movant.

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

9

16.    **UNSECURED CREDITOR:** According to the Movant's own Certificate of Service, for this motion, DOC 198, the movant shows US Bank NA ABSC Holders Trustee as "Largest Unsecured Creditors"

>                    LARGEST UNSECURED CREDITORS
>                    US Bank NA
>                    ABSC Holders Trustee
>                    60 Livingston Ave.
>                    St. Paul, MN 55107-2292

This Court already disallowed USB's Proof of Claim, on November 19, 2012.

**HOMESTEAD DECLARATION RECORDED PRIOR TO FORGED DEED OF TRUST**

17.    I have a perfected homestead exemption for $175,000.00, due to my handicapped status. I recorded a valid Homestead Declaration in Nevada County, Document No. 20110006186, on March 11, 2011, on the property whose correct legal description is: That parcel of land in the unincorporated area, County of Nevada State of CA, described as:

>    THE SOUTH 1/2 OF THE WEST 1/2 OF THE NORTHWEST 1/4 OF THE SOUTHWEST
>    1/4 OF SECTION 29, TOWNSHIP 14 NORTH, RANGE 8 EAST, M.D.B. & M.,
>    ACCORDING TO THE OFFICIAL PLAT THEREOF.

18.    I properly recorded the Homestead Declaration on March 11, 2011 many months *prior* to when counsel for SPS recorded the forged and defective Placer County deed of trust instrument in Nevada County on July 6, 2011. See, Exhibit "7" Declaration DOC # 20110006186, which is a true and correct copy.  I *deny signing* the deed of trust instrument and I never authorized any other person to sign in my stead. The Placer County Deed of Trust describes property far from

the bankruptcy estate property and was re-recorded in Nevada County by Select Portfolio Servicing, Inc.'s counsel on July 6, 2011, as Nevada Recorder's Document No. 20110015748.

19.     The property description on the Homestead Declaration matches the true and correct property description found in the 1988 Grant Deed Nevada County DOC # 88 02979 from my purchase of the property on February 1, 1988, which according to Nevada County Assessor maps, and a land survey I had done at the time and recorded as Nevada County Document No. 88 29562 on October 28, 1988 is the correct location of the "property." The movant's proffered deed of trust fails to match the true and correct property description. *See,* Exhibit "8" 1988 Grant Deed and Exhibit "9" 1988 Land Survey Map, which properly shows the street where my property address is located, the nearest cross street, and the names of property owners of the surrounding parcels, which I personally know or have known as neighbors over the years, including Mr. Lynne Fagerlie, for whom our road was named and whose memorial service I recently attended.

**PROPERTY IS INTEGRAL TO DEBTOR'S REORGANIZATION**

20.     I and my aged mother (now in her mid-eighties), rely upon the gardens on the property for sustenance. For more than *25* years I have been the owner of the property which is the subject of the motion to lift the stay. I literally worked to draft the plans, pour the foundation, and build the home, raised 8 children here, as well as fence the property over those years. I use the property for my consulting business. I set up my business office in the four-bedroom home where I conduct computer-based research and meet clients and deal with business matters. My home-based business allows me to manage my Rheumatoid Arthritis condition, ("RA") as well

---

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

11

as assist my minor child in his Charter school home study. The real property which is subject to this motion to lift stay is an integral part of my plan for reorganization.

MOVANT PREFERS "OTHER METHODS" AFTER PROOF OF CLAIM DISALLOWED

21.     The movant has failed to request enlargement of time to file a late proof of claim. Movant has never attempted to make a showing of "excusable, neglect" in order to overcome this Court's disallowance of USB's Proof of Claim No. 3 on November 19, 2012. Movant rejected this Court's suggestion that a Motion for Leave to Extend the Time for Filing its Proof of Claim would be considered by the Court, as movant preferred "other methods". Indeed, adversary complaints should have been used in order to press any alleged claims by USB or SPS instead of using a motion.

22.     **The movant has** sought in its motion, equitable relief beyond an unadorned vacating or modifying of the stay, to permit an alleged creditor, whose claim has been disallowed, to enforce any purported state law remedies. The movant seeks payment of costs and attorney's fees, in its motion Doc 193, at page 3, paragraph 4, thus creating an inconsistency between section 362 (a)(d)(2) and section 506 (b).

23.     The movant, SPS as purported loan Servicing Agent for USB, has failed to provide any servicing contract between itself and New Century or U.S. Bank as the Trustee for the un-named holders of the REMIC Trust.

**DECLARATION OF SPS EMPLOYEE, JO-ANN GOLDMAN**

24.     In the memorandum order denying the movant's prior motion to lift the stay, this Court properly instructed the movant as to exactly how and why their standing was deficient, and how

it might be corrected. The movant has failed to cure these deficiencies in their most recent

motion. In support of the movant's current motion to lift the stay, the alleged loan servicer,

Select Portfolio Servicing, Inc., hereafter ("SPS") submitted yet another boilerplate declaration,

made obvious by the Declarant's name stamped so high above the form that is nowhere near or

even directly over the space provided for a name to be entered into the declaration. No name is

actually on the line or in the area after "I,"   and before "declare." or in the pleading title. This

indicates it is a declaration used over and over and, since a name must be added to it by stamp, it

was necessarily prepared by an unknown person who left a space open so that a name could

subsequently be filled in or stamped in. It follows that a true declarant would not have to stamp

her name onto a declaration that she had personally prepared. It is impossible to discern from

SPS's declaration who the true preparer might be.

25.     The movant's declaration fails to state how long Ms. Goldman has been employed by

SPS.

26.     The movant's declaration fails to state that Ms. Goldman ever had any experience in

preparing the records or ever even observed those operations being done.

27.     The movant's declaration says Ms. Goldman relies on electronic loan servicing files from

the loan servicer, SPS, *not* from the Master Servicer or from USB, or the document custodian, or

any entity qualified to make a purchase for credit at a foreclosure sale, nor from any claimant in

this bankruptcy or proven secured creditor. She relies only upon SPS's copies of copies.

28.     The movant's declaration states on paragraph 4, page 2, that the file "appears" to have

been consistently maintained in accordance with "the policy." She does not express personal

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

13

knowledge that it was maintained; only that it "appears" so, and fails to produce "the policy" referred to. She states the files are made and maintained by "a person" but fails to reveal the identity of that person. That may be a "person" with personal knowledge, but it is not herself.

29.     Ms. Goldman's declaration failed to produce as exhibits or otherwise, any actual business records to back up the declaration's assertions as to injury, loan origination, accounts receivable and payable files, loan level files, transfers of funds by check or wire or valid proof of security or default. It merely says records are "available". As detailed elsewhere herein, the provided Note, Deed of Trust, and Assignment of Deed of Trust are forged and fraudulent.

30.     Schedule "A" shows my estimate of the property's value more than a year ago, but SPS has failed to produce a current, professional appraisal. I currently live in and maintain the property. Also, on February 17, 2012, in the Petition for Chapter 11 I listed the value of my property as $427,200.00. There needs to be a valuation of my property to determine its true value today.

**ALTERED POWER OF ATTORNEY DOCUMENT**

31.     I have seen the copy of the power of attorney ("poa") before this time and I doubt its authenticity for the following reasons:

During a telephone call I made to SPS, during March of 2011, I asked the SPS employee taking my call what the numbers meant, as they seemed to show the document had been recorded by a county recorder. The SPS employee indicated to me that the power of attorney had been recorded in Hennepin County, Minnesota and that the numbers in the upper right corner of the document represent the recording number, book and fee.  I promptly called the Hennepin County Recorder

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

14

and asked the clerk to look up the document with that number. She did this and found a completely different instrument with the names of other people, unrelated to U.S. Bank NA, or SPS, upon it. I also contacted the recorders in the surrounding counties. Each said the numbers did not exist in their records. The document has been ALTERED, adding incorrect recording and book numbers by hand, indicating a county recording of it. Because of this I believe the document is suspect and false and I would like to have the original professionally examined.

32.    On page 3, paragraph 5, Ms. Goldman states that SPS has a "contractual right and responsibility to service the loan" on behalf of USB, but there is no contract provided to support this statement.

33.    On page 3, paragraph 6, Ms. Goldman's states that, "SPS receives compensation for its servicing of the loan under the terms of a written servicing agreement" with USB. However, she failed to produce any "written agreement" to support this statement.

**DECLARANT NOT TRAINED TO DETECT FRAUDULENT INSTRUMENTS**

34.    On page 3, paragraph 8, of her declaration SPS's Ms. Goldman states she saw the original note. Her declaration fails to state that she is able to discern photo-shopped copies, forgeries, or fraudulent documents from real or authentic ones. Because I have repeatedly in other pleadings and once again, here, state that the note is a forgery, that I deny signing it and never authorized anyone else to sign it, the declarant necessarily requires such qualifications in order to report if she actually saw a valid and authentic original note. Having been an SPS employee in its bankruptcy department for an undisclosed length of time would not render her the adequate qualifications for determining the genuineness of the note. Because of the controversy regarding

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

15

the "note" it needs to be physically delivered to the Court to be examined for authenticity by a person with the experience, training, and credentials to properly do so. To date I have not seen this "note" and SPS has not ever produced it for forensic examination or shown it to the Court.

**FORGED NOTE, STAMPED ENDORSEMENT**

35.     The movant is well aware of my position regarding the note from my previous pleadings. Brenda Anderson, whose credentials are superlative, corroborated my denial of the signature on the note in her verified affidavit, and attached as Exhibit "10" which is a true and correct copy. Her opinion: "The signature on the New Century Mortgage Corporation note dated 8/8/05 is **NOT GENUINE**. Strong evidence suggests that someone other than Melanie Cornell Executed the signature…" She also determined that the Note's endorsement signature is a stamp, making it impossible to know who stamped the endorsement signature. Brenda Anderson's credentials are substantial and she also works for law enforcement to identify forgery. The movant has never actually physically produced the "original" note for forensic examination or before any Court.

36.     Ms. Goldman's opinion on page 3, paragraph 8 that the note is "bearer paper" is conclusory, considering the endorsement is stamped, the forgery issue, the 2 different versions of the note, and other issues concerning this note.  She fails to explain how SPS came to possess the note, what was paid for it or when, or from whom it was received. She failed to produce any records or documents supporting SPS or USB's acquisition of the note.

37.     The movant fails to show that it holds legal title to the claim being asserted by declaration, records, true instruments, transaction reports, proof of purchase or amounts, checks, or wire transfers.

38.    Movant failed to produce proof of ownership of the Note or document specific injury to any secured creditor and also fails to indicate or produce supporting, valid, documentation, showing who the owner or holder of the note or loan might be.

39.    On page 4, paragraph 9, Ms. Goldman indicates the note is secured by a deed of trust. I previously outlined the fatal defects in both the proffered deed of trust and the note.

40.    On page 4, paragraph 10, Ms. Goldman explains that SPS's records reflect an assignment from the "original lender" to U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8. As seen in the attached exhibits and my testimony, the corporate assignment of the forged deed of trust has been found to be fabricated and fraudulent as shown by Exhibit "4", testimony by Attorney Lynn Szymoniak and the New Century Letter, Exhibit "2" showing the loan was sold to a different party during September of 2005. This shows that SPS either *lacks* significant records concerning the ownership and history of the loan, records and basic chain of title knowledge of these things, or it has failed to submit them to this court.

**COPIES OF COPIES**

41.    On page 4, paragraph 11, the movant's declaration fails to say where SPS got the note, since according to public records SPS is *not* the custodian and is not in possession of the mortgage loan file. SPS would have to check out the mortgage loan file from the custodian. This is corroborated by the SPS declaration itself, on page 2, paragraph 3:

"At the time that SPS acquires a loan, an electronic file is created in SPS's internal computer

system to house documents and information relating to that loan. Copies of all documents received or generated for that loan are saved in SPS's electronic file system." This shows that the records SPS has are electronic copies of the documents, and they can only provide copies of copies. If SPS checked out the mortgage loan file, it should be able to provide a copy of the contents of the mortgage loan file and the audit log showing when the file was checked out. The audit log would also show the "change history" for the documents from previous checkouts.

42.    The Movant's declaration in support has failed to provide the names of the holders or *owners* of the Trust which it claims have an interest in the estate.

43.    On page 4, paragraph 11, the movant's declaration fails to show anything more than an inserted "word processor table" in the declaration. The movant has failed to produce any loan level file, accounts receivable record, verified or otherwise, from the origination of the purported debt, showing origination of funds or the source of the funds, or amounts paid in and out of the account, with information as to who received or paid any such amounts or when.

44.    On page 4, paragraph 13, of the movant's declaration a schedule of amounts due is shown with no supporting records or documentation to support it.

45.    The movant has failed to produce any valid documentation in support of its motion, but has instead presented false, fraudulent and forged instruments to the Court. I deny the note is evidence of any loan owed by me to this movant or any of its predecessors and I deny that the Deed of Trust constitutes a perfected lien against the subject property. I further deny that the power of sale contained in the Deed of Trust can be exercised, particularly without an adversary proceeding in which evidence

is presented with proper foundation through testimony of competent witnesses that can be cross examined.

46.    Until well after I began litigating my property rights, I had neither actual nor constructive notice of the false instruments as none of them existed in the county records where my property is located or were known to me. Copies were finally produced and recorded in my county by the loan servicing company, SPS, and filed of record, by SPS, during my previous quiet title litigation that was dismissed for no jurisdiction because of lack of ripeness, and stipulated as "no res judicata" (No. 2:11– cv-01462-FCD-KJM). My Quiet Title case **failed to contain any cancellation of instruments cause** as the instruments **didn't exist in the Nevada County records, or had not yet been fabricated.** I have attempted to obtain a court [11] order cancelling the fraudulent, forged, and defective deed of trust which was recorded both in the Placer County recorder's office as Doc -2005-0111849 and also in the Nevada County Clerk-Recorder's office as Document # 20110015747, together with a fraudulent corporate assignment, Document # 20110015748, ostensibly designating U.S. Bank, N.A. as trustee for the *holders* of the Real Estate Mortgage Investment Conduit (REMIC) trust called the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8, hereafter the ("REMIC TRUST").  My efforts have been blocked by opposing lawyers seeking to morph the cancellation of instruments action into either a fraud case or a quiet title action. At no time have the merits been heard or judged. A brief history of the cases is documented in my August 31, 2012 DOC 98 Notice of Related Cases regarding Cases Filed by Debtor.

---

[11] *See,* DOC 98, Debtor's Notice of Related Cases

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

19

**TWO VERSIONS OF THE SAME NOTE**

47.    The disputed note revealed in this case *differs from the version emailed from SPS's attorneys to my counsel* on January 2012, and forwarded to my email on the same day, in that the newest version contains an allonge and *indorsement that did not exist* a one year ago. The first version also contains initials and stamps not present on the second version. *See,* Exhibit "11" which is a true and accurate copy of the disputed note previously emailed by SPS counsel to my counsel more than a year ago. In the Movant's *second* version of the disputed note, proffered as an exhibit to the movant's current motion, an allonge has been attached in spite of more than adequate room upon the face of the signature page of the Note for multiple endorsements. One of the stamped endorsements on the allonge has a different name from the other and was crossed out or the signature is an 'X'. The remaining endorsement has a stamped signature, is undated, the signer is unknown to me, and it is in blank. [12]

48.    The movant has failed to produce evidence of how the note was acquired or when, who now holds the note, how much was paid for it, or evidence of payment or any legal financial transaction for consideration or funds of any amount involved conveying the note to any holder or entity.

---

[12] The Allonge is Unreliable and Should Not Be Recognized as Creating Bearer Paper. Simple inspection of the allonge reveals the clear deficiencies of the "allonge" which purports to create a bearer note, since the indorsement is "in blank," but the "allonge" is not affixed to the signature page of the note, even though there is more than ample room for it. Nor is there any competent evidence to prove the "allonge" is anything more than a mere afterthought in an attempt to establish standing by a loan servicing company, to prosecute a claim for which the loan servicing company has no legitimate position or authority. The Movant fails to show or mention how it may have acquired the note, any proof of transaction or payment for it or if they even actually hold an original. The forged note provided this Court by SPS' lawyers in this case has more than sufficient room for the indorsement at the end of the note.

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

20

**LOAN/NOTE DISCHARGED AND PAID**

49.    The loan represented by the forged instruments has been paid; the note is discharged and paid according to Lori Gileno's Declaration in support of Amended Motion to Disallow Claim No. 3. Lori's credentials and experience are exemplary. She specializes in researching loan documents and Bloomberg audits of securitized mortgages. Her experience and specialty for many years has been in *detecting fraudulent documents* and in *forensic data examination*. Her report confirms conclusively that the original loan/note for the debt promoted by the Movant has been discharged by payment in full. She also found that USB has no interest in this loan or in the trust itself. Page 3, paragraph 19 of Lori's Affidavit, and its exhibit B-1, show Bloomberg data advertising another tranch, which contained the purported loan and was identified in Lori's audit as a paid-off tranch, being auction by Wells Fargo as trustee for completely different trust. This shows that USB is not an interested party and has no interest in the trust.  No amounts are outstanding on purported loan. I deny in total the amounts listed by the movant in its motion and supporting documents because no funds are outstanding on this account. It is paid off according to expert witness, Lori Gileno's verified affidavit and declaration, See, Exhibit "12" which is a true and correct copy.

50.    The movant is silent as to the authority of any entity, USB included, to represent any "holders" of the TRUST. There is simply no chain of title here allowing the Court or anyone to confirm who is owed a debt, and who is entitled to assert a debt. Of course, there is no debt as it is proven that the original note has been discharged. Significantly, the "holders" of the TRUST have never been identified, nor can they be, since the trust is paid off as seen in Lori Gileno's affidavit and report concerning the disputed note, Exhibit "12".

## II CONCLUSION

The above facts show the Movant has not evidenced perfection of collateral notes and trust deeds under California law or actual possession of the security instruments. The facts show that the movant failed to evidence perfection of a security interest in the property. There is no correct legal description of the real property included in the deed of trust—a deed of trust that has a forged signature.

I declare and verify under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on March 18, 2013

In Auburn, California

Melanie Isabelle Cornell a/k/a Melanie Sandlin
Debtor / Chapter 11 Trustee

Declaration: Debtor, in Support of Opposition to Second Motion for Relief from Automatic Stay

22